Dr. Orly Taitz, ESQ
29839 Santa Margarita, ste 100
Rancho Santa Margarita, CA 92688
Ph. 949-683-5411 fax 949-766-7603
Pro se plaintiff

**IN THE US DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DR. ORLY TAITZ, ESQ<br>Plaintiff,<br>vs.<br>KATHLEEN SEBELIUS,<br>In her capacity of Secretary of Health and Human Services et.al.<br>Defendant. | Case No.: **3:12-cv-03251-P**<br>VIOLATION OF 14TH AMENDMENT EQUAL PROTECTION RIGHTS, ESTABLISHMENT CLAUSE ARTICLE 2 SEC 1 OF COSTITUTION INJUNCTIVE RELIEF, STAY DECLARATORY RELIEF RICO, PREDECATE CRIMES: FRAUD, AIDING AND ABETTING FORGERY AND UTTERING OF FORGED DOCUMENTS TO COMMIT ELECTIONS FRAUD 7TH AMENDMENT JURY DEMANDED |

## MOTION FOR STAY/ PRELIMINARY INJUNCTION

Plaintiff Pro Se Dr. Orly Taitz (hereinafter "Taitz") hereby moves this Court to enter a stay/preliminary injunction to assessment of the penalty tax under PPACA against her. Plaintiffs asserts that such penalty tax violates Plaintiff's

constitutional and statutory rights for Free Exercise of Religion, Free Speech, Due process rights, and rights provided by RFRA. In support of this motion Plaintiff submits an accompanying brief and a proposed order.

Respectfully submitted,

August 28, 2012

by/s/ Orly Taitz
Dr. Orly Taitz ESQ.
Plaintiff Pro Se

Dr. Orly Taitz, ESQ
29839 Santa Margarita, ste 100
Rancho Santa Margarita, CA 92688
Ph. 949-683-5411 fax 949-766-7603
Pro se plaintiff

**IN THE US DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DR. ORLY TAITZ, ESQ<br>Plaintiff,<br>vs.<br>KATHLEEN SEBELIUS,<br>In her capacity of Secretary of Health and Human Services et.al.<br>Defendant. | Case No.: **3:12-cv-03251-P**<br><br>VIOLATION OF 14TH AMENDMENT EQUAL PROTECTION RIGHTS, ESTABLISHMENT CLAUSE ARTICLE 2 SEC 1 OF COSTITUTION INJUNCTIVE RELIEF, STAY DECLARATORY RELIEF RICO, PREDECATE CRIMES: FRAUD, AIDING AND ABETTING FORGERY AND UTTERING OF FORGED DOCUMENTS TO COMMIT ELECTIONS FRAUD<br><br>7TH AMENDMENT JURY DEMANDED |

**BRIEF IN SUPPORT OF MOTION**
**FOR STAY/PRELIMINARY IINJUNCTION**

# TABLE OF CONTENTS

Table of Authorities……………………………………………………ii

Introduction……………………………………………………………4

Argument………………………………………………………………5

1. Likelihood of Success on the Merits…………………………5

A) Violation of the United State Constitution…………………5

A) Violation of RFRA………………………………………….6

2. Irreparable Harm …………………………………………12

3. Harm to non-moving party ……………………………….13

Public Interest…………………………………………………13

# INTRODUCTION

The case Taitz v Sebelius et al was filed in The United States District Court Central District of California on July 5, 2012.

On 06.28.2012 Supreme Court of the United States issued a ruling in National Federation of Independent Business. et al. v. Kathleen Sebelius, Secretary of Health and Human Services. et al., Department of Health and Human Services, et al. v. Florida. et al.: Florida. et al. v. Department of Health and Human Services. et al. 567 U.S. 2012 (docket 11-393, 11-j98. 11-400). In a narrow 5- 4 decision against some 26 states and the National Federation of Independent Businesses, Supreme Court ruled that even though the healthcare bill and individual mandates within it, violate the Commerce clause, it is valid under taxing powers of Congress.

The complaint is incorporated herein by reference. The complaint challenges the religious discrimination embedded in the Patient Protection and Affordable Care Act 26 USC §5000A (Hereinafter PPACA) is unconstitutional asserting that it violates Plaintiff's rights protected by the U.S. Constitution and federal statutes. PPACA states:

1. H. R. 3590 "Patient Protection and Affordable Care Act" (PPACA) Section 1411 (5)(A) Exemptions from individual requirements state:

"Sec 5000A. Requirements to maintain minimum essential coverage"

Section 1411 5(A)

(5) EXEMPTIONS FROM INDIVIDUAL RESPONSIBILITY REQUIREMENTS

In the case of an individual who is seeking an exemption certificate under section 1311(d)(4)(H) from any requirement or penalty imposed by section 5000A, the following information:

(A) In the case of an individual seeking exemption based on the individual's status as a member of an exempt religious sect of division..."

As such according to PPACA 26U.S.C. §§ 5000A(d)(i) and (ii) members of a religious sect or division who object to insurance or acceptance of insurance are exempt from the individual mandate to purchase such insurance or pay a hefty penalty tax.

Party seeking a preliminary injunction must show: 1) a likelihood of success on the merits, 2) a thread of irreparable harm, 3) which outweighs any harm to the non-moving party, 4) and that the injunction would not adversely affect the public interest (See Awad v Ziriax, 670 F.3d 1111, 1125 (10th Cir. 2012)). Each element favors injunctive relief requested by the Plaintiff.

**1. Likelihood of Success on the Merits**

***a) Violation of the United State Constitution***

PPACA violates the free exercise of religion protected by First Amendment of the U.S. Constitution. In Church of the Lukumi Babalu Aye, Inc v City of Hialeah, 508 U.S. 520, 547 (1993) the court established that "at minimum, the protections of the Free Exercise Clause pertain in the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." (Lukumi, 508 U.S. at 532). The court continues stating that when the "object of a law is to infringe upon or restrict practices because of their religion motivation, the law is not neutral, and it is invalid unless it is justified by a compelling interest and is narrowly tailored to advance that interest." (Lukumi, 508 U.S. at 533).

In recent decision in Newland et. al. v Sebelius, case No: 1:12-cv-1123-JLK, the court granted Plaintiff's Motion for Preliminary Injunction where

Plaintiffs sought an injunction from providing coverage under PPACP and from any penalty tax under PPACP due to the Plaintiffs aversion against abortifacient drugs, contraception and sterilization.

Similarly, case at hand Taitz v Sebelius is seeking a stay and injunction against PPACA on the grounds that it violates her First Amendment right of free exercise of religion, violates First Amendment Establishment Clause, Fifth Amendment Due Process Clause and Fourteenth Amendment Equal Protection Clause, as well as RFRA as PPACA gives preference to citizens of certain religions by exempting them from payment of the Healthcare tax. "The Free Exercise of Religion Clause protects religious observers against **unequal treatment**, and inequality results when a legislature decides that the governmental interests it seeks to advance are worthy of being pursued only against conduct with a religious motivation." (Lukumi, 508 U.S. at 542-43). Nothing can be described as more than "unequal treatment" other than requiring citizens to pay additional tax due to the fact that they are members of a certain religion.

In Addition to violation of the Free Exercise of Religion clause, PPACA violates the Establishment clause, as it encourages individuals to adhere to certain religions in order not to be penalized. For example according to Sharia law insurance is forbidden, as it is seen as a form of gambling and usury. Plaintiff does not belong to a religion that is exempt. So in order to avoid being severely penalized she would have to convert to another religion, such as Islam. Such discrimination between citizens is akin to an establishment of religion.

Additionally it shows clear discrimination and lack of equal protection in violation of the 14th amendment.

***b) Violation of RFRA***

In addition to violation of First, Fifth and Fourteens Amendments, PPACA violates RFRA which prohibits government from creating laws that will place substantial burdens a person's free exercise of their religion. RFRA provides:

(a) In general

Government shall not substantially burden a person's exercise of religion even if the burden results from the rule of general applicability, except as provided in subsection (b) of this section.

(b) Exception

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person –

(1) Is in furtherance of a compelling governmental interest; and

(2) Is the least restrictive means of furthering that compelling governmental interest. 42 USC 2000bb-1. Under RFRA a strict scrutiny is applied. O Centro Espiria 546 US at 424 n.1., Employment Division v Smith, 494 U.S. 872 (1990).

In United States v Hardeman, 297 F.3d 1127 (10th Cir. 2002) the court established that to justify a substantial burden on Plaintiff's free exercise of religion, the government must show that its application of the act furthers "interests of the highest order." While the government may have interest of promoting the public health, it damages the vital interests of the significant amount of the US citizens. "Law cannot be regarded as protecting an interest of the highest order when it leaves appreciable damage to that supposedly vital interest unprohibited." Church of the Lukumi Babalu Aye, Inc v City of Hialeah, 508 U.S. 520, 547 (1993).

Additionally, the whole PPACA was turned into a sham when 190 million people were exempt. With so many exemptions predicted cost of Health insurance is expected to rise and not to go down, which defeats the whole purpose of the law.

The new tax exempts over 190 million from paying the tax without penalizing them. It means that only one third of the population will be subject to penalty tax, which represents a substantial burden. A burden is created when law

coerces a person or a group "to choose between following the precepts of [their] religion and forfeiting benefits, on the one hand, and abandoning one precepts of [their] religion in order to accept [government benefits], on the other hand." Sherbert v. Verner, 374 U.S. 404 (1963). PPACA imposes a clear burden as in order to receive governmental benefits (exemption from paying a tax) Plaintiff must change the religion.

The Supreme Court has found "a fine imposed against appellant" is a quintessential burden. Shebert, 374 U.S. 403-04. Such burden is envisioned in PPACA.

In addition, Defendants fail to use the least restrictive means because the government could create exemptions on other basis then religion. The government could allow for free portability of insurance across the state lines or health care tort reform, which would make Health Insurance more affordable without discrimination based on religion. Instead, by creating PPACA, Defendants used their own liberate discretion to promote a particular religion such as Muslim religion on all Americans by exempting them from penalty tax.

Additionally PPACA cannot withstand the strict scrutiny test and cannot show a compelling governmental interest in dividing citizens based on religion. Defendants cannot establish that their coercion of Plaintiffs is "in furtherance of a compelling governmental interest." RFRA, with "the strict scrutiny test it adopted," *OCentro Espirita*, 546 U.S. at 430, imposes "the most demanding test known to constitutional law." *City of Boerne v. Flores*, 521 U.S. 507, 534 (1997). A compelling interest is an interest of "the highest order," *Lukumi*, 508 U.S. at 546, and is implicated only by "the gravest abuses, endangering paramount interests," *Thomas v. Collins*, 323 U.S. 516, 530 (1945). Defendants cannot propose such an interest "in the abstract," but must show a compelling interest "in the circumstances of this case" by looking at the particular "aspect" of the interest as "addressed by the law at issue." *Cal. Democratic Party v.Jones*, 530 U.S. 567,

584 (2000); *O Centro Espirita*, 546 U.S. at 430–32 (RFRA's test can only be satisfied "through application of the challenged law 'to the person'—the particular claimant"); *see also Lukumi*, 508 U.S. at 546 (rejecting the assertion that protecting public health was a compelling interest "in the context of these ordinances"). The government must "specifically identify an 'actual problem' in need of solving" and show that coercing Plaintiffs is "actually necessary to the solution." *Brown v. Entm't Merchs. Ass'n*, 131 S. Ct. 2729, 2738 (June 27, 2011). If Defendants' "evidence is not compelling," they fail their burden. *Id.* at 2739. To be compelling, the government's evidence must show not merely a correlation but a "caus[al]" nexus between their Mandate and the grave interest it supposedly serves. *Id.* The government "bears the risk of uncertainty . . . ambiguous proof will not suffice." *Id.*

The government cannot show that there is a compelling interest in assessing a hefty tax on Christians and Jews, while exempting Muslims, would serve a compelling governmental interest of making the Health care more affordable. If anything, it would make it more expensive for ones who pay for it, as it would create an excuse for others not to pay for the health care, but use the benefits. The only interest that would be served, would be turning citizens towards conversion into religions that are exempt.

Religious exemptions violate Equal Protection Clause, Establishment Clause, Free Exercise of Religion clause.

When Supreme Court of the United States reviewed an application for stay in relation to the 10th Circuit Court of Appeals decision in O Centro Espirita 314F 3 d 463, it noted:

"Courts have routinely rejected religious exemptions from laws regulating controlled substances employing tests similar to that required by RFRA. *See United States v. Greene*, 892 F.2d 453, 456-57 (6th Cir.1989); *Olsen v. DEA*, 878 F.2d 1458, 1461-62 (D.C.Cir.1989); *Olsen v. Iowa*, 808 F.2d 652, 653 (8th

Cir.1986); *United States v. Rush,* 738 F.2d 497, 512-13 (1st Cir.1984); *United States v. Middleton,* 690 F.2d 820, 824 (11th Cir.1982); *see also Employment Div. v. Smith,* 494 U.S. 872, 905, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) (O'Connor, J., concurring). Even after enactment of RFRA, religious exemptions from or defenses to the CSA have not fared well. *See United States v. Brown,* 72 F.3d 134, 1995 WL 732803 (8th Cir.1995); *United States v. Jefferson,* 175 F.Supp.2d 1123, 1131 (N.D.Ind.2001). Moreover, as noted by the government here, permission for sacramental use of peyote was granted by Congress *after* enactment of RFRA, suggesting Congressional doubts that RFRA was sufficient (alone) to grant an exemption. Gov't Reply Br. at 9 (citing 42 U.S.C. § 1996a)."

In O Centro Espirita 546 U.S. 423 425the Supreme Court found no compelling governmental interest even when regulation of potent hallucinogenic drugs was concerned.

"At minimum, the protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Lukumi*, 508 U.S. at 532. When the "object of a law is to infringe upon or restrict practices because of their religious motivation, the law is not neutral, and it is invalid unless it is justified by a compelling interest and is narrowly tailored to advance that interest." *Id.* at 533. The object of a law can be determined by examining its text and operation. *Id.* at 534–35.

"The Free Exercise Clause protects religious observers against unequal treatment", *Id,* at 542-543.

"A law lacks facial neutrality if it refers to a religious practice without a secular meaning discernible from the language or context." *Lukumi*, 508 U.S. at 533.

Since the individual mandate flagrantly discriminates between religions allowing exemptions to some religions, it is unconstitutional and it violates the

Free Exercise of Religion, due Process and Establishment clause based on Lukumi analysis.

As the individual mandate is not generally applied and is not neutral in relation to religion, it is viewed under the strict scrutiny test and it fails the test by flagrantly discriminating between religions. The Government "must treat individual religions and religious institutions 'without discrimination or preference.'" *Colo. Christian U. v. Weaver*, 534 F.3d 1245, 1257 (10th Cir. 2008); *Larson v. Valente*, 456 U.S. 228 (1982); *see also Wilson v. NLRB*, 920 F.2d 1282 (6th Cir. 1990) (holding that section 19 of the National Labor Relations Act, which exempts from mandatory union membership any employee who "is a member of and adheres to established and traditional tenets or teachings of a bona fide religion, body, or sect which has historically held conscientious objections to joining or financially supporting labor organizations," is unconstitutional because it discriminates among religions and would involve an impermissible government inquiry into religious tenets), *cert. denied*, 505 U.S. 1218 (1992).

Under Wilson v NLRB the individual mandate is unconstitutional under the 1, 5th, 14th Amendments.

In *Weaver* the Tenth Circuit held unconstitutional a discrimination among-religions policy that is very similar to the Mandate. The discrimination among religions in that case attempted to treat "pervasively sectarian" education institutions differently than other religious institutions, based on whether: the employees and students were of one religious persuasion; the courses sought to "indoctrinate"; the governance was tied to particular church affiliation; and similar factors. *Id.* at 1250–51.

Individual mandate under PPACA is unconstitutional under Weaver, as it violates 1st, 5th and 14th Amendments, specifically freedom of religion clause, Establishment Clause, due Process Clause and Equal protection Clause.

The First Amendment protects the right to "decide what not to say." *Hurley v. Irish-Am. Gay,Lesbian, & Bisexual Group of Boston*, 515 U.S. 557, 573 (1995) (internal quotation marks omitted). Thus, "[l]aws that compel speakers to utter or distribute speech bearing a particular message are subject to the same rigorous scrutiny" as those "that suppress, disadvantage, or impose differential burdens upon speech because of its content." *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 624, 642 (1994). Here, the individual mandate forces individuals to report to the government their religious affiliation in order to get an exemption from the PPACA tax. This represents a violation of both the First Amendment Freedom of speech clause as well as the First Amendment Freedom of Religion clause.

## Irreparable Harm

In Kikumura v Hurley, 242 F.3d 950, 963 (10th Cir. 2001), the Court decided that the potential violation of Plaintiff's constitutional and RFRA rights threatens irreparable harm. In the case at hand PPACA provision violates both Constitutional and RFRA rights of US citizens as it precludes them from freedom of exercising the religion protected by the First Amendment and places enormous burden on a person's free exercise of their religion. Absent injunctive relief, Plaintiff would suffer imminent irreparable harm.

The First Amendment in its pertinent part states that "***Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.***" Contrary to the fundamental rights embellished into the history of United States, Congress passed the law 26 USC §5000A "Patient Protection and Affordable Act" (PPACA) that directly interferes with the freedom of religion.

Exemption for religious purpose under PPACA segregates citizens just at it previously segregated them by race and gender which was found unconstitutional by earlier decisions by US Supreme Court (see *Brown v. Board of Education*

(1954) (racial segregation) and *Reed v. Reed* (1971) (discrimination by sex)). In Equal Protection Claus it is directly stated:"***No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."*** By providing religion exemption under PPACA, the State enforces the law that leads to segregation, will infringe on the rights of the US citizens, such as the Plaintiff, while providing privileges others.

## Harm to Non-moving Party

Should an injunction enter, non-moving party will be prevented from "enforcing regulations that Congress found it in the public interest to direct that agency to develop and enforce." Cornish v Dudas, 40 F. Supp. 2d 61, 61 (D.D.C. 2008). Such potential interest cannot be compared with great harm that Plaintiffs will suffer in the absence of injunction since Plaintiff's constitutional and statutory rights would be violated. Moreover, the new law PPACA itself is in direct violation of the US Constitution, First, Fifth, Fourteenth Amendments, RFRA and therefore cannot serve public interest. Thus, there can be no harm to non-moving party.

## Public Interest

In his decision in Newland v Sebelius, the court stated that while government acting in the public interest and works toward improvement of nation's health, this interest is undermined by creation great number of exemptions. In addition, the court provided that:"these interests are countered, and indeed outweighed, by the public interest in the free exercise of religion." In the case Taitz v Sebelius, Taitz argues that expectance of PPACA "religion" provision will interfere with free of exercise of religion since PPACA will place enormous burden on members of some religions like Christians and Jews while relieve the burden from members of other regions like Muslims by exempting them from

paying additional tax and providing free coverage for their medical expenses. This exemption constitutes clear discrimination which cannot be counted toward public interest. Therefore, absence of preliminary injunction will not only not serve the public interest but indeed will damage rights of US citizens and provide great opportunity for discrimination.

WHEREFORE, for the reasons set above the application for stay/ temporary injunction should be granted.

Respectfully submitted,

August 28, 2012

by/s/ Orly Taitz
Dr. Orly Taitz ESQ.
Plaintiff Pro Se