IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. ORLY TAITZ, ESQ., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:12-cv-03251-P |
| | § | |
| KATHLEEN SEBELIUS, Secretary, | § | |
| Health and Human Services, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>EXHIBIT 1 TO FEDERAL GOVERNMENT DEFENDANTS' MEMORANDUM</u>**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ORLY TAITZ, ESQ., | Case No. SACV 12-1092 DMG(JC) |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF VENUE |
| KATHLEEN SEBELIUS, et al., | |
| Defendants. | |

## I. BACKGROUND

On July 5, 2012, plaintiff Dr. Orly Taitz, Esq. ("plaintiff"), who is proceeding *pro se*, paid the filing fee and filed a Complaint ("Complaint") against the following defendants: (1) Kathleen Sebelius, Secretary of Health and Human Services; (2) President Barack Obama; (3) Nancy Pelosi, Chair of the 2008 Democratic National Convention; (4) Brian Schatz, 2008 Chair of the Hawaii Democratic Party; (5) Lynn Matusow, 2008 Secretary of the Hawaii Democratic Party; (6) Alvin Onaka, Registrar, Hawaii Health Department; (7) Michael Astrue, Commissioner of the Social Security Administration; (8) Eric Holder, United States Attorney General; (9) William A. Chatfield, former Director of the Selective Service; (10) Alice Travis Germond, Secretary of the 2008 Democratic Nominating Convention; (11)

1

1 | Obama for America; and John Does and Jane Does 1-10. (Complaint at 1-5).
2 |     Liberally construed, the Complaint essentially challenges the constitutionality
3 | of the Patient Protection and Affordable Care Act – specifically, the so-called
4 | "individual mandate" (26 U.S.C. § 5000A).  Plaintiff asserts claims of constitutional
5 | violations under 42 U.S.C. § 1983, as well as a Racketeer Influenced and Corrupt
6 | Organizations Act (18 U.S.C. §§ 1961, *et seq.*) ("RICO") claim predicated upon
7 | asserted violations of federal fraud statutes. (Complaint at 8-30). Plaintiff seeks
8 | monetary damages, as well as declaratory and injunctive relief. (Complaint at 31-
9 | 33).
10 |     On July 13, 2012, the assigned Magistrate Judge issued an Order to Show
11 | Cause directing plaintiff to show cause, if there be any, why the instant case should
12 | not be dismissed for lack of venue. (Docket No. 5).
13 |     On July 18, 2012, plaintiff filed a Reply to Order to Justify Venue
14 | ("Plaintiff's Reply"). (Docket No. 9). Plaintiff's Reply essentially asserts that
15 | 28 U.S.C. § 1391(e) ("Section 1391(e)") provides for venue in the Central District
16 | of California since "defendants in the case are Officers or Employees of the United
17 | States, no real property is involved in the action, and the Plaintiff resides in the
18 | Central District of California." (Plaintiff's Reply at 3).
19 |     Based on the record and the applicable law, and for the reasons discussed
20 | below, the Court Orders the instant action dismissed without prejudice for lack of
21 | venue.
22 | **II.   PERTINENT LAW**
23 |     In general, federal law provides that a civil action may be brought in –
24 |     (1) a judicial district in which any defendant resides, if all
25 | defendants are residents of the State in which the district is located;
26 | ///
27 | ///
28 |

1        (2) a judicial district in which a substantial part of the events or
2  omissions giving rise to the claim occurred, or a substantial part of
3  property that is the subject of the action is situated; or
4        (3) if there is no district in which an action may otherwise be
5  brought as provided in this section, any judicial district in which any
6  defendant is subject to the court's personal jurisdiction with respect to
7  such action.
8  28 U.S.C. § 1391(b).
9      Where a defendant is "an officer or employee of the United States," a civil
10  action may be brought in any judicial district in which –
11        (A) a defendant in the action resides[;]
12        (B) a substantial part of the events or omissions giving rise to
13  the claim occurred, or a substantial part of property that is the subject
14  of the action is situated[;] or
15        (C) the plaintiff resides if no real property is involved in the
16  action.
17  28 U.S.C. § 1391(e)(1)(C).  Non-federal defendants may be joined in such a civil
18  action if the plaintiff demonstrates that venue is proper for such non-federal
19  defendants under "other venue requirements as would be applicable if the United
20  States or one of its officers, employees, or agencies were not a party."  28 U.S.C.
21  § 1391(e)(1).
22      When venue is challenged, a civil plaintiff bears the burden of showing that
23  venue is proper in the chosen judicial district.  See Koresko v. RealNetworks, Inc.,
24  291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003) (citations omitted).  "When there are
25  multiple parties and/or multiple claims in an action, the plaintiff must establish that
26  venue is proper as to each defendant and as to each claim."  Allstar Marketing
27  Group, LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1126 (C.D. Cal.
28  2009) (citation and quotation marks omitted).

1     "The district court of a district in which is filed a case laying venue in the
2 wrong division or district shall dismiss, or if it be in the interest of justice, transfer
3 such case to any district or division in which it could have been brought."
4 28 U.S.C. § 1406(a).  The Court has authority on its own motion to decide the
5 venue issue and to dismiss the action before a responsive pleading is filed.  See
6 Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

7 **III.  DISCUSSION AND ORDERS**

8     Here, plaintiff has not established that venue in the Central District of
9 California is proper as to all defendants named in the Complaint.  While Section
10 1391(e) may provide a basis for venue with respect to the federal defendants named
11 in the Complaint (*i.e.*, President Barack Obama, Secretary of Health and Human
12 Services Kathleen Sebelius, Social Security Commissioner Michael Astrue, and
13 United States Attorney General Eric Holder),[1] Section 1391(e) does not confer
14 venue on the other (*i.e.*, non-federal) defendants.  As noted above, Section 1391(e)
15 only allows non-federal defendants to be joined where a plaintiff demonstrates that
16 venue as to such non-federal defendants is properly based on "other venue
17 requirements."  28 U.S.C. § 1391(e)(1).  Plaintiff has not made such a showing.

18     First, although the Complaint alleges that venue in this case is based on
19 "FOIA" (the Freedom of Information Act, 5 U.S.C. § 552) and 42 U.S.C. § 1988(a)
20 ("Section 1988(a)") (Complaint at 5-6), neither provision is applicable in plaintiff's
21 ///

---

[1] Section 1391(e) does not apply with respect to defendant Nancy Polosi, even if, *arguendo*, she is being sued in her capacity as a Member of the United States Congress.  See Liberation News Service v. Eastland, 426 F.2d 1379, 1382-84 (2d Cir. 1970) (Section 1391(e) does not provide a basis for venue in suits against Members of the United States Congress); see also King v. Russell, 963 F.2d 1301, 1303-04 (9th Cir. 1992) (agreeing with other Circuits which have held that "[section] 1391(e) only applies to suits against officers of the executive branch."), cert. denied, 507 U.S. 913 (1993).  Nor does it apply to defendant William A. Chatfield, who is identified as the "*former* Director of the Selective Service."  See Sutain v. Shapiro and Lieberman, 678 F.2d 115, 117 (9th Cir. 1982) (Section 1391(e) does not apply to suits against former U.S. government officials).

4

1  case. The Complaint does not assert a FOIA claim. Section 1988(a) does not
2  provide any independent basis for venue.
3      Second, although plaintiff asserts a RICO claim against defendants, plaintiff
4  does not argue, nor do allegations in the Complaint reflect, that the RICO special
5  venue provisions apply in plaintiff's case.[2]
6      Finally, the Complaint does not allege the residence of any non-federal
7  defendant, much less that any such defendant resides in the Central District of
8  California or is otherwise subject to the Court's personal jurisdiction. In addition, it
9  does not appear that any significant portion of the events or omissions that give rise
10 to plaintiff's claims alleged in the Complaint occurred in the Central District of
11 California.
12     THE COURT HEREBY FINDS that Venue for the instant action does not lie
13 in the Central District of California.
14     IT IS THEREFORE ORDERED that Judgment be entered dismissing this
15 action without prejudice for lack of venue.
16     IT IS FURTHER ORDERED that the Clerk of this Court shall serve a copy
17 of this Order and the Judgment herein upon the plaintiff.
18     The September 18, 2012 hearing on Plaintiff's motion for stay and for
19 preliminary injunction is VACATED.
20     IT IS SO ORDERED.
21 DATED: August 16, 2012

                                                _____
                                                DOLLY M. GEE
                                                UNITED STATES DISTRICT JUDGE

---

[2] The RICO Act provides that "[a]ny civil action or proceeding under [RICO]" may be brought "in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). In certain circumstances not present here, a district court may require parties who reside outside the district to be brought before the court. See 18 U.S.C. § 1965(b).