IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. ORLY TAITZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:12-CV-3251-P |
| | § | |
| KATHLEEN SEBELIUS et. al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(1), filed on September 20, 2012.[1] (Doc. 15.) Plaintiff filed a Response on October 11, 2012. (Doc. 21.) Defendants filed a Reply on October 29, 2012. (Doc. 23.) After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Defendants' Motion to Dismiss.

### I. Background

Plaintiff Orly Taitz ("Taitz") filed the instant suit, naming several defendants including President Barack Obama, Secretary of Health and Human Resources Kathleen Sebelius, Commissioner of Social Security Michael Astrue, Attorney General Eric Holder, and former Director of the Selective Service William Chatfield ("Defendants"). The Complaint alleges that the Patient Protection and Affordable Care Act ("ACA") is unconstitutional.

---

[1] Defendants also moved to dismiss pursuant to Rules 12(b)(3) and 12(b)(6). *See* (Doc 15 at 18, 20.) Because the Court finds that dismissal is appropriate with respect to the 12(b)(1) motion, the Court finds any further analysis unnecessary.

## II. Legal Standard & Analysis

### A. 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. If a plaintiff lacks standing to raise a claim, the Court has no subject-matter jurisdiction over the claim. *See Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990); *see also Barrett Computer Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989) (recognizing because standing presents a jurisdictional question, standing is analyzed under standards applicable to court's subject-matter jurisdiction). The Court must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). Motions under Rule 12(b)(1) are categorized as either a facial attack or a factual attack upon subject-matter jurisdiction. *See Naranjo v. Universal Sur. of Am.*, 679 F.Supp.2d 787, 792 (S.D. Tex. 2010). Only uncontroverted factual allegations are accepted as true, and the plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence. *See Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), aff'd sub nom. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1991).

### B. Analysis

Article III, Section 2 of the United States Constitution grants judicial power over justiciable cases and controversies. U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 559–60 (1992). The doctrine of standing is the 'irreducible constitutional minimum' that "serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore*, 495 U.S. at 155. Constitutional standing has three elements: (1) an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not merely conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood, as opposed to speculation, that a favorable decision will redress the claimed injury. *Lujan*, 504 U.S. at 560–61. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations and citations omitted); *see also Cornerstone Christian Sch. v. Univ. Interscholastic League,* 563 F.3d 127, 134 (5th Cir. 2009) (holding, in context of motion to dismiss, that plaintiff must allege facts that give rise to plausible claim of standing). "Particularized" means "the injury must affect the plaintiff in a personal and individual way." *Lujan,* 504 U.S. at 560 n. 1. "[T]he injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 563 (internal quotations omitted). The Supreme Court has "'consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Lance v. Coffman,* 549 U.S. 437, 439, (2007) (quoting *Lujan,* 504 U.S., 573–74); *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974); *United States v.*

*Richardson*, 418 U.S. 166, 173–78 (1974) (taxpayer's generalized grievance insufficient for standing).

According to Defendants, Taitz has not demonstrated that she has sustained an injury-in-fact. (Doc. 15 at 17.)  The Court agrees.  Although Taitz has filed this lawsuit seeking miscellaneous and sundry relief from the Court, Taitz has not demonstrated how she has already or will imminently suffer any individualized harm as a result of any Defendant's conduct.  As other courts have held in similar suits brought by Plaintiff, "this Court is not willing to go tilting at windmills with [Taitz]." *Sibley v. Obama*, --F.Supp.2d--, 2012 WL 2016809 at *1 (D. D.C. June 6, 2012.) (quoting *Taitz v. Obama*, 707 F.Supp.2d 1, 3 (D. D.C. 2010)).  The Complaint does not allege that Taitz either does or does not currently have health insurance.  Nor does Taitz allege that she will be unable to comply with minimum coverage provisions of the ACA upon its effective date.  The Complaint fails to otherwise indicate how Taitz will personally incur any adverse effect or change any behavior once the ACA takes effect in 2014.  Although the Complaint lists several various and disconnected theories of recovery, none of them are personal to any named plaintiff in this lawsuit.  As they appear in the Complaint, the theories raised by Taitz are a prime example of a plaintiff "raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large." *See Lance*, 549 U.S. at 439.  The Court therefore finds that Taitz has failed to allege that any injury is sufficiently personal and individual to survive Defendants'

Motion to Dismiss. *See Lujan,* 504 U.S. at 560 & 561 n. 1 (citations and internal quotation marks omitted).[2]

### III. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Signed this 20th day of November, 2012.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[2] The Complaint also appears to bring causes of action (1) challenging President Obama's eligibility to serve as president and sign legislation, and (2) contending an unlawful conspiracy in violation of RICO. (Doc. 3 at 16, 19.) Because Taitz has failed to identify any particularized harm which she has experienced or will imminently experience, these claims are also dismissed.